**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 00175
WESLEY J. SMITH, ESQ.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| EMPLOYEE PAINTERS WELFARE TRUST; PAINTERS VACATION TRUST; PAINTERS JOINT COMMITTEE; PAINTERS JOINT APPRENTICESHIP TRAINING COMMITTEE; PAINTERS INDUSTRY PROMOTION FUND; PAINTERS JOINT COMMITTEE INDUSTRY PROMOTION FUND; PAINTERS ORGANIZING FUND; PAINTERS LABOR MANAGEMENT COOPERATION COMMITTEE; PAINTERS SAFETY TRAINING TRUST, each acting by and through their designated fiduciaries, John Smirk and/or Thomas Pfundstein; and the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION TRUST FUND, acting by and through its designated fiduciary, Gary J. Meyers, <br><br>                                       Plaintiffs, <br> vs. <br><br> ATLAS PAINTING & DRYWALL, LLC, a Nevada limited liability company; ATLAS BUILDING & DEVELOPMENT, LLC, a Nevada limited liability company; AUDRA MARIE TUBIN, individually; KEITH TUBIN, individually; ERNEST R. CORTEZ, JR., individually; KATHRYN MACK, individually; TRAVELERS CASUALTY & SURETY CO. OF AMERICA, a foreign corporation qualified to act as surety in the State of Nevada; INTERNATIONAL FIDELITY INSURANCE COMPANY, a foreign corporation qualified to act as surety in the State of Nevada; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive, <br><br>                                       Defendants. | CASE NO.: 2:09-cv-02208-GMN-PAL <br><br> **JOINT INTERIM STATUS REPORT** <br><br><br><br><br> Date:  N/A <br> Time:  N/A |

The above-named Plaintiffs, Employee Painters Welfare Trust, et.al. ("Plaintiffs" or "Trust Funds"), by and through their attorneys, Christensen James & Martin, hereby submit their Interim Status Report pursuant to LR 26-3, as follows:

1. **Estimated Time for Trial:**  Four (4) to Five (5) Days.

2. **Anticipated Trial Dates:**  The Trial date for this matter has been set for December 21, 2010 at 8:30 a.m., with calendar call on December 14, 2010 at 8:30 a.m.  In the alternative, the Parties presently anticipate being available to try the case anytime during the weeks of January 3, 2011, January 10, 2011 and January 17, 2011, as convenient to the Court.

3. **Opinion of Counsel Regarding the Effects of Anticipated Substantive Motions:** There are currently no dispositive motions before the Court.  In the event the ongoing settlement negotiations fail, the Parties anticipate that a Motion for Summary Judgment may be filed by Plaintiffs.

4. **Status of Discovery Completed to Date:**  The focus of the Parties' discovery efforts to date has been the completion of two (2) payroll compliance Audits, one of the signatory entity, Atlas Painting & Drywall, LLC ("Atlas Painting"), and one of the alleged alter-ego entity, Atlas Building & Development, LLC ("Atlas Building").

   a. <u>Status of Atlas Painting Audit</u>:  A Stipulation and Order for completion of the Atlas Painting Audit was entered on January 27, 2010 [Doc. 18].  Atlas produced its payroll documents and the Auditor produced preliminary Audit schedules in mid-February.  Since that time, the total number of hours scheduled has not changed, however, the number of hours attributable to certain projects and general contractors, particularly general contractor MIG West, Inc., has fluctuated.  The Auditor requested that additional information be provided from Atlas Painting to substantiate the hours reported on its job cost reports.  Atlas Painting agreed to provide the information by Stipulation and Order entered on May 24, 2010 [Doc. 34].  The

additional information was provided to the Auditor on June 9, 2010.  The Auditor is in the process of reviewing the information and revised Audit schedules should be produced with the next two (2) to three (3) weeks.

    b. <u>Status of Atlas Building Audit</u>:  A Stipulation and Order for completion of the Atlas Building Audit was entered on March 24, 2010 [Doc. 34].  Atlas Building produced its payroll information to the Auditor in early May 2010.  The Auditor produced preliminary Audit schedules on June 9, 2010.  After reviewing the schedules, Atlas Building provided limited additional information to the Auditor on June 18, 2010.  The Plaintiffs have requested that Atlas Building supplement the additional information.  The Parties will conduct a joint review of the schedules.  The Auditor will verify any additional information and, if necessary, update the schedules. The Parties anticipate that this process will be completed within the next few weeks.

**5.** **Pending Discovery:**  The Parties had originally planned to conduct depositions during the week of March 22, 2010.  Those depositions have since been rescheduled three times in order to accommodate the completion of the Audits and possible settlement discussions.  The parties now plan to conduct the depositions July 8-9, 2010, or shortly thereafter, in the event settlement is not possible.  The parties also plan to complete discovery, such as interrogatories, requests for admissions and requests for production of documents, as allowed by the Federal Rules of Civil Procedure, within the time and deadline (August 19, 2010) set by the Court's Order dated March 10, 2010 [Doc. 31], in the event settlement is not possible.

**6.** **Settlement Negotiations:**  The Parties remain optimistic that settlement is possible in this case.  The Parties have discussed the possibility of settlement on several occasions.  However, the Parties agree that serious settlement discussions will not be fruitful until the Audits are complete and final.  The Parties anticipate that the Audits will be completed by the second week of July 2010.  Upon completion of the Audits, the Parties will meet and confer regarding

1  settlement. In the event that settlement is not possible, the Parties have tentatively scheduled
2  depositions for the end of the second week of July 2010 and will move forward with remaining
3  discovery. In any event, the Parties do not plan to request an extension of the discovery cutoff
4  date (August 19, 2010).
5
6  DATED this 21st day of June 2010.

7  Submitted by:                                          Approved as to Form and Content by:

8  CHRISTENSEN JAMES & MARTIN                             KEITH E. GREGORY & ASSOCIATES

9  By:  */s/*                                             By:  */s/*
       Wesley J. Smith, Esq.                                   Keith E. Gregory, Esq.
10     Nevada Bar No. 11871                                    Nevada Bar No. 00232
       7440 W. Sahara Avenue                                   2300 W. Sahara Ave., Suite 680
11     Las Vegas, Nevada 89117                                 Las Vegas, NV 89102
       *Attorneys for Plaintiffs*                              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

**CHRISTENSEN JAMES & MARTIN**

By: __/s/ Kevin B. Christensen__