**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
Email: kbc@cjmlv.com
WESLEY J. SMITH
Nevada Bar No. 011871
Email: wes@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

<div style="text-align:left; writing-mode:vertical"></div>

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

EMPLOYEE PAINTERS WELFARE TRUST;
PAINTERS VACATION TRUST; PAINTERS
JOINT COMMITTEE; PAINTERS JOINT
APPRENTICESHIP TRAINING COMMITTEE;
PAINTERS INDUSTRY PROMOTION FUND;
PAINTERS JOINT COMMITTEE INDUSTRY
PROMOTION FUND; PAINTERS ORGANIZING
FUND; PAINTERS LABOR MANAGEMENT
COOPERATION COMMITTEE; PAINTERS
SAFETY TRAINING TRUST, each acting by and
through their designated fiduciaries, John Smirk
and/or Thomas Pfundstein; and the
INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
TRUST FUND, acting by and through its
designated fiduciary, Gary J. Meyers,

                Plaintiffs,

vs.

ATLAS PAINTING & DRYWALL, LLC, a
Nevada limited liability company; ATLAS
BUILDING & DEVELOPMENT, LLC, a Nevada
limited liability company; AUDRA MARIE
TUBIN, individually; KEITH TUBIN, individually;
ERNEST R. CORTEZ, JR., individually;
KATHRYN MACK, individually; TRAVELERS
CASUALTY & SURETY CO. OF AMERICA, a
foreign corporation qualified to act as surety in the
State of Nevada; INTERNATIONAL FIDELITY
INSURANCE COMPANY, a foreign corporation
qualified to act as surety in the State of Nevada;
JOHN DOES I-XX, inclusive; and ROE ENTITIES
I-XX, inclusive,

                Defendants.

CASE NO.:2:09-cv-02208-GMN-PAL

**STIPULATION FOR ENTRY OF
JUDGMENT BY CONFESSION
AGAINST ATLAS PAINTING &
DRYWALL, LLC, ATLAS
BUILDING & DEVELOPMENT,
LLC AND KEITH TUBIN, ONLY**

Date:   N/A
Time:   N/A

1    The Plaintiffs identified above (hereinafter "Plaintiffs" or "Trusts"), acting by and
2  through their attorneys, Christensen James & Martin, and the Defendants Atlas Painting &
3  Drywall, LLC, Atlas Building & Development, LLC and Keith Tubin ("Atlas Defendants"),
4  hereby Stipulate and Agree ("Stipulation") as follows:

5    1.    This Stipulation for Entry of Judgment by Confession is entered into by and
6  between the above-named parties to settle and conclude certain legal disputes relating to the
7  payment of fringe benefit contributions, liquidated damages, interest, audit costs and attorney's
8  fees owed to the Plaintiffs by Defendants for the period August 2008 through December 2009.

9    2.    A Judgment by Confession shall be entered in favor of the Plaintiffs and against
10 Atlas and Tubin Defendants for the sum of One Hundred Three Thousand Six Hundred Eighty-
11 Three and 88/100 Dollars ($103,683.88).

12    3.    This Stipulation is conditioned by certain and specific terms contained within the
13 Judgment by Confession executed contemporaneously herewith and incorporated herein by this
14 reference, as though fully set forth hoc verba.

15 CHRISTENSEN JAMES & MARTIN                 ATLAS PAINTING & DRYWALL, LLC

16 By: _____             By: _____
17     Wesley J. Smith, Esq.                 Its: _____
       *Attorneys for Plaintiffs*

18 Dated: February 4_____, 2011
19                                           ATLAS BUILDING &DEVELOPMENT, LLC

20                                           By: _____
                                            Its: _____
21

22
23                                          KEITH TUBIN, Individually

24                                          _____
                                            Keith Tubin
25

26                                          Dated: 2/4_____, 2011
27

28

-2-

1  **CHRISTENSEN JAMES & MARTIN**
   KEVIN B. CHRISTENSEN, ESQ.
2  Nevada Bar No. 000175
   Email: kbc@cjmlv.com
3  WESLEY J. SMITH
   Nevada Bar No. 011871
4  Email: wes@cjmlv.com
   7440 W. Sahara Avenue
5  Las Vegas, Nevada 89117
   Telephone:  (702) 255-1718
6  Facsimile:  (702) 255-0871
   *Attorneys for Plaintiffs*
7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF NEVADA**
9

10  EMPLOYEE PAINTERS WELFARE TRUST;          CASE NO.:2:09-cv-02208-GMN-PAL
    PAINTERS VACATION TRUST; PAINTERS
11  JOINT COMMITTEE; PAINTERS JOINT
    APPRENTICESHIP TRAINING COMMITTEE;
12  PAINTERS INDUSTRY PROMOTION FUND;
    PAINTERS JOINT COMMITTEE INDUSTRY        **JUDGMENT BY CONFESSION**
13  PROMOTION FUND; PAINTERS ORGANIZING      **AGAINST ATLAS PAINTING &**
    FUND; PAINTERS LABOR MANAGEMENT          **DRYWALL, LLC, ATLAS**
14  COOPERATION COMMITTEE; PAINTERS          **BUILDING & DEVELOPMENT,**
    SAFETY TRAINING TRUST, each acting by and **LLC AND KEITH TUBIN, ONLY**
15  through their designated fiduciaries, John Smirk
    and/or Thomas Pfundstein; and the
16  INTERNATIONAL UNION OF PAINTERS AND
    ALLIED TRADES INDUSTRY PENSION
17  TRUST FUND, acting by and through its
    designated fiduciary, Gary J. Meyers,
18
                              Plaintiffs,
19
    vs.
20
    ATLAS PAINTING & DRYWALL, LLC, a
21  Nevada limited liability company; ATLAS
    BUILDING & DEVELOPMENT, LLC, a Nevada
22  limited liability company; AUDRA MARIE
    TUBIN, individually; KEITH TUBIN, individually;
23  ERNEST R. CORTEZ, JR., individually;
    KATHRYN MACK, individually; TRAVELERS
24  CASUALTY & SURETY CO. OF AMERICA, a        Date:    N/A
    foreign corporation qualified to act as surety in the Time:    N/A
25  State of Nevada; INTERNATIONAL FIDELITY
    INSURANCE COMPANY, a foreign corporation
26  qualified to act as surety in the State of Nevada;
    JOHN DOES I-XX, inclusive; and ROE ENTITIES
27  I-XX, inclusive,
28                            Defendants.

                                  -3-

1      Pursuant to the express Stipulation for Entry of Judgment by Confession Against the

2  Atlas and Tubin Defendants ("Stipulation"), it is hereby ORDERED, ADJUDGED AND

3  DECREED that:

4      1.    The above-named Plaintiff Trust Funds (hereinafter "Plaintiffs" or "Trusts") shall

5  take Judgment by Confession ("Judgment") against Defendants Atlas Painting & Drywall, LLC,

6  Atlas Building & Development, LLC and Keith Tubin, individually ("Atlas Defendants"), only,

7  for the sum of One Hundred Three Thousand Six Hundred Eighty-Three and 88/100 Dollars

8  ($103,683.88) ("Judgment Amount"), which sum includes unpaid contributions, pre-judgment

9  interest, liquidated damages, audit costs, court costs and attorney's fees. Interest shall accrue on

10  the Judgment amount at the rate of four percent (4%) per annum.

11      2.    The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under

12  the terms of a written collective bargaining agreement ("Labor Agreement") between Atlas

13  Painting & Drywall, LLC and International Union of Painters and Allied Trades, District Council

14  15, Painters Union Local No. 159. This Judgment includes settlement of all known claims by

15  Plaintiffs for fringe benefit contributions for the August 2008 through December 2009 work

16  months ("Delinquency Period"), plus interest, liquidated damages, attorney's fees and audit costs

17  accrued through November 30, 2010.

18      3.    This Judgment is not intended to, and it does not, resolve claims that are as yet

19  unknown to the Trusts, including any claims that may later be revealed by Audit. The Trusts

20  specifically reserve all Audit rights. The Judgment Amount shall be increased to include the

21  amount of any unpaid contributions, liquidated damages, accrued interest, audit costs, court costs

22  and attorney's fees owed to the Plaintiffs by Defendants, either as determined by Audit, or as

23  reported by the Defendants, during any relevant period of the Labor Agreement or during the

24  effective period of any other agreement incorporating Defendants' promise to remit fringe

25  benefit contributions to the Plaintiffs, including this Judgment by Confession.

26      4.    The sum of $50,000.00, including interest on the declining balance thereof and

27  any after-accruing amounts ("Payment Amount"), shall be paid through thirty-six (36) monthly

28

installments, due on or before the fifth (5th) day of each month, the first of which is due on March 5, 2011 and the last of which is due on or before February 5, 2014, as follows:

    i.    Payments One (1) through Six (6) shall be remitted to the Trusts in the amount of $500.00 each, commencing on or before March 5, 2011 and on the fifth (5th) day of each month thereafter;

    ii.    Payments Seven (7) through Twelve (12) shall be remitted to the Trusts in the amount of $750.00 each, commencing on or before September 5, 2011 and on the fifth (5th) day of each month thereafter;

    iii.    Payments Thirteen (13) through Eighteen (18) shall be remitted to the Trusts in the amount of $1,000.00 each, commencing on or before March 5, 2012 and on the fifth (5th) day of each month thereafter;

    iv.    Payments Nineteen (19) through Twenty-Four (24) shall be remitted to the Trusts in the amount of $1,500.00 each, commencing on or before September 5, 2012 and on the fifth (5th) day of each month thereafter;

    v.    Payments Twenty-Five (25) through Thirty (30) shall be remitted to the Trusts in the amount of $2,000.00 each, commencing on or before March 5, 2013 and on the fifth (5th) day of each month thereafter;

    vi.    Payments Thirty-One (31) through Thirty-Three (33) shall be remitted to the Trusts in the amount of $3,000.00 each, commencing on or before September 5, 2013 and on the fifth (5th) day of each month thereafter;

    viii.    Payments Thirty-Four (34) through Thirty-Five (35) shall be remitted to the Trusts in the amount of $3,500.00 each,

1                                          commencing on or before December 5, 2013 and on the fifth (5th)

2                                          day of each month thereafter;

3                      ix.      Payment Thirty-Six (36) shall be remitted to the Trusts in the

4                                            amount of $3,737.00 on or before February 5, 2014.

5  Subject only to the Atlas Defendants' right to cure under Paragraph 9, the final payment of all

6  unpaid portions of the Payment Amount, in the scheduled amount of $3,737.00 (which includes

7  interest scheduled to accrue), shall be increased to include any after-accruing attorney's fees

8  incurred by Plaintiffs relating to this Judgment for collection of the amounts referenced herein,

9  and shall be paid by the Atlas Defendants to Plaintiffs on or before February 5, 2014.

10          5.      Upon Plaintiffs' receipt and negotiation of payment of the entire Payment

11  Amount, the remaining Judgment Amount in the sum of Fifty Three Thousand Six Hundred

12  Eighty-Three and 88/100 Dollars ($53,683.88), plus the interest accrued thereon, shall be waived

13  ("Waiver"). Upon the Atlas Defendants' failure to remit all payments required by this Judgment

14  in a timely manner, the Waiver shall be deemed revoked and the Atlas Defendants shall be

15  obligated to pay to the Trusts all such remaining Judgment Amount, plus interest accrued thereon

16  at the rate of 4% per annum from the date of this Judgment.

17          6.      The payments toward the Judgment Amount required herein shall be made

18  payable to "Painters Trust Funds" and shall be remitted to Plaintiffs' attorney, Christensen James

19  & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as the Atlas

20  Defendants are notified in writing. Should any of the Atlas Defendants' payments be returned

21  for insufficient funds, all subsequent payments shall be made using cashier's checks or money

22  orders.

23          7.      In addition to paying the Judgment Amount as required by the foregoing terms,

24  the Atlas Defendants shall timely pay all contributions that fall due while any portion of the

25  Judgment Amount remains unpaid (i.e., for hours worked by the Atlas Defendants' covered

26  employees while the Judgment Amount is being paid). The Atlas Defendants shall remit a

27  monthly report to the Trusts listing hours worked by their covered employees, and shall submit a

28

check to the Trusts to pay contributions owed for such hours. The reports and payments shall be delivered to the Plaintiffs or their designee(s) on or before the 15th day of the month following the calendar month in which the covered hours of work listed on the reports are performed.

8. The following potential claims are reserved by the Trusts: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by any of the Trusts for additional contributions and related damages that may be due and owing to any of the Trusts pursuant to the provisions of any collective bargaining agreement to which Atlas Defendants may be bound that requires the payment of contributions to the Trusts; (ii) the obligation of the Atlas Defendants or any trade or business under common control of the Atlas Defendants (to the extent the Atlas Defendants or any trade or business under common control with the Atlas Defendants has any obligation) to pay, and the rights of the Trusts to assess and collect, withdrawal liability pursuant to 29 USC § 1381 et. seq. (including the use of the Atlas Defendants' contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

9. The Atlas Defendants shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring a prepayment penalty. However, if the Atlas Defendants make early payments, the interest accruing on the declining Judgment Amount balance (which is already included in the payment amounts required hereunder) shall not be recalculated in the Atlas Defendants' favor.

10. Should the Atlas Defendants fail to satisfy any of the conditions in this Judgment, a written Notice of Default shall immediately be delivered to: Keith Tubin, 3125 West Ali Baba, Suite 704, Las Vegas, NV 89118. If the Atlas Defendants thereafter fail to make the required payment(s) or otherwise fail to comply with the conditions of such paragraphs within ten (10) days of the date of such Notice, Plaintiffs shall have the unconditional and immediate right to file and execute upon the Judgment for whatever amount then remains due and owing, including after-accruing attorney's fees, without further notice to the Atlas Defendants or Order from the Court.

11.     During the period that the Atlas Defendants timely make the required payments and faithfully perform under this Judgment, the Plaintiffs shall stay claims against Bond No. 105068408 issued to Atlas Building & Development, LLC by Travelers Casualty & Surety Company of America ("Bond"). In the event of default, as described above in Paragraph 9, Plaintiffs shall have the unconditional and immediate right to collect the proceeds of the Bond for whatever amount then remains due and owing, including after-accruing attorney's fees, without further notice to the Atlas Defendants or Order from the Court.

12.     Filing of the Stipulation and this Judgment and execution upon the same shall be stayed through February 5, 2014, provided that payment in full is made by the Atlas Defendants in accordance with the terms of this Judgment.

13.     Upon Plaintiffs' receipt and negotiation of the payments required under this Judgment, this obligation will have been satisfied and, upon receipt of a request therefor, Plaintiffs shall deliver to the Atlas Defendants a written Release and Satisfaction of Claims. Plaintiffs' Release and Satisfaction of Claims in favor of the Atlas Defendants shall not be executed nor delivered until all of the Atlas Defendants' obligations under this Judgment have been fully performed.

///

///

///

///

///

///

///

///

///

///

///

1
14.    The Atlas Defendants have consulted the attorney of their choice and fully

2   understand the obligations and consequences of this Judgment.

3       **DATED and DONE** this 21st day of March, 2011.

4

5   _____

6   Gloria M. Navarro
    United States District Judge

7

Approved and Submitted by:                    Approved as to Form and Content:

8

9   CHRISTENSEN JAMES & MARTIN          ATLAS PAINTING & DRYWALL, LLC

By: _____          By: _____
10      Wesley J. Smith, Esq.              Its: _____
11      *Attorneys for Plaintiffs*

12  Dated: February 4 _____, 2011     ATLAS BUILDING & DEVELOPMENT, LLC

13                                      By: _____
14                                      Its: _____

15

16                                      KEITH TUBIN, Individually

17                                      _____
                                        Keith Tubin
18

19                                      Dated: 2/4 _____, 2011

20

21

22

23

24

25

26

27

28

## OATH AND VERIFICATION

STATE OF NEVADA          )
                         : ss.
COUNTY OF CLARK          )

_Keith Tubin_, as _VP_ of Atlas Painting & Drywall, LLC and Atlas Building & Development, LLC, being first duly sworn upon oath, now verifies and declares that:

　　1.　　Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

　　2.　　The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

　　Further you affiant sayeth naught.

_Keith Tubin_
as _VP_ of Atlas Painting & Drywall, LLC and Atlas Building & Development, LLC

Subscribed and Sworn before me this _7_ day of _February_, 2011.

_[signature]_
Notary Public

NATALIE LARSON
Notary Public - State of Nevada
Appointment Recorded in Clark County
No. 01-69738-1   My Appointment Expires Aug. 6, 2013

-10-