UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYER PAINTERS WELFARE TRUST, *et al.*, | |
| Plaintiff, | Case No. 2:09-cv-02208-GMN-GWF |
| vs. | **ORDER** |
| ATLAS DRYWALL & PAINTING, LLC, *et al.*, | Motion for Sanctions (#116) and Motion to Deem Admissions Admitted (#117) |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Sanctions Against Audra Tubin (#116) and Motion to Deem Admissions Admitted as Against Audra Tubin (#117), filed on September 20, 2010.

**BACKGROUND**

This case arises out of a dispute over whether the Defendants properly paid Plaintiffs the benefit contributions owed in accordance with the collective bargaining agreements entered into by the parties. On September 20, 2010, Plaintiffs filed a Motion for Summary Judgement, Motion to Deem Admissions Admitted and Motion for Sanction (#42) against the Defendants. The only party to respond to that motion was Defendant Travelers. (*See* # 61.) Defendant Audra filed no response. Prior to decision on that Motion, as the result of settlement negotiations, the Plaintiffs obtained a Judgment against Defendants Atlas Painting & Drywall, LLC, Atlas Building & Development, LLC, and Keith Tubin (Judgment Debtors). The case was stayed until February 5, 2014 pending performance under the Judgment. (*See* #78.)

. . .

The terms of the Judgment required the Judgment Debtors to make recurring monthly payments to the trust. The first payment under the Judgment was due on March 5, 2011. However, no payment was received, and on March 7, 2011, Plaintiffs sent a Notice of Default to the Atlas Defendants. The Defendants failed to cure, and on March 21, 2011, a Judgment was entered by the Court in favor of the Plaintiffs against Defendants Atlas Building & Development, LLC, Atlas Painting & Drywall, LLC, and Keith Tubin in the amount of $103,683.88. (*See* # 84.) On August 4, 2011, Plaintiffs filed a Motion to Renew Motion for Sanctions and to Deem Admissions Admitted and Motion for Summary Judgment Against Defendant Audra Tubin (#110). On September 28, 2011, the Court entered a Minute Order (#114) granting Plaintiffs' Motion to Renew. Upon review of the original motion, the Court subsequently entered a Minute Order (#115) granting Defendant Audra Tubin up to and including October 17, 2011 to respond to the Motion for Sanctions and Motion to Deem Admissions Admitted. No response was filed.

### A. Motion to Deem Admissions Admitted.

Plaintiffs request that the Court deem the admissions admitted in light of Defendant Tubin's failure to respond to their First Set of Requests for Admissions, served on July 20, 2011. Pursuant to Fed. R. Civ. P. 36(a)(3), requests for admissions are automatically admitted when a defendant fails to timely respond. The Court therefore grants Plaintiffs' request and deems the admissions admitted.

### B. Motion for Sanctions Against Audra Tubin

Plaintiffs also request sanctions against Defendant Tubin for her failure to attend a noticed deposition and respond to requests for discovery. After several stipulations to postpone depositions in this case, Plaintiffs scheduled several depositions on August 19-20, 2010. Audra Tubin's deposition was scheduled for August 20, 2010. Late in the day on August 19, 2010, Plaintiffs were informed by Defendants' counsel that deponents Audra Tubin and Keith Tubin would not be appearing at their depositions the following morning. Because Audra and Keith Tubin were the only deponents scheduled for August 20, 2011, Plaintiffs attempted to cancel the scheduled court reporter, but were unable to cancel on such short notice. Neither of Defendants appeared at their scheduled depositions. However, the court reporter appeared at the scheduled time.

Additionally, on July 20, 2010, Plaintiffs served their First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents on the Defendants. On July 28, 2010, Plaintiffs served their Second Set of Requests for Production of Documents on the Defendants. During this time, both parties were participating in settlement discussions, yet Plaintiffs informed Defendants that until there was a signed agreement, discovery should proceed as normal. Defendants however failed to respond in any way to either of Plaintiffs' discovery requests. Based on the above, Plaintiffs request the Court sanction Audra Tubin requiring her to pay the reasonable expenses, including attorney's fees, caused by her failure to participate in discovery, and any other sanctions the Court deems appropriate.

The Court has broad discretion in imposing sanctions against a party for their failure to participate in discovery. Fed. R. Civ. P. 37(d)(1)(A) grants the Court the power to impose sanctions against a party for their failure to appear at a noticed deposition and their failure to respond to discovery requests. Rule 37(d)(3) provides that the "court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award unjust." Defendant Audra Tubin has offered the Court no reason for her failure to participate in discovery. The Court therefore finds that discovery sanctions against Audra Tubin are warranted. The Court will award Plaintiffs their reasonable attorney's fees and costs. Plaintiffs shall submit a memorandum of fees and costs incurred as a direct result of Defendant Audra Tubin's failure to participate in discovery. The Court notes that Plaintiffs' original Motion for Sanctions was brought against all the Defendants in this action, not just Audra Tubin. The requested attorney's fees and costs should therefore be appropriately calculated as to Audra Tubin only. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Deem Admissions Admitted as Against Audra Tubin (#117) is **granted**. Plaintiffs' Requests for Admissions served on July 20, 2010 are hereby deemed admitted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (#116) is **granted** as follows:

(1)     Plaintiffs are awarded their reasonable attorney's fees against Audra Tubin relating to her failure to attend the noticed deposition and her failure to respond to Plaintiffs' discovery requests.

(2)     Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motions addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

(3)     Defendant Audra Tubin shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

(4)     Counsel for Plaintiffs shall have 11 days from service of the responsive memorandum in which to file a reply.

DATED this 21st day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge