# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMPLOYEE PAINTERS WELFARE TRUST, et al., )
)
Plaintiff, )    Case No. 2:09-cv-02208-GMN-GWF
)
vs. )    **ORDER**
)
ATLAS PAINTING & DRYWALL, LLC, et al., )
)
Defendants. )

This matter comes before the Court on Plaintiff Painters Joint Trust Funds Memorandum of Attorney's Fees & Costs (#120), filed on November 8, 2011. No response was filed to this memorandum.

## BACKGROUND

This case arises out of a dispute over whether the Defendants properly paid Plaintiffs the benefit contributions owed in accordance with the collective bargaining agreements entered into by the parties. On September 20, 2010, Plaintiffs filed a Motion for Summary Judgement, Motion to Deem Admissions Admitted and Motion for Sanction (#42) against the Defendants. The only party to respond to that motion was Defendant Travelers. (*See* # 61.) Defendant Audra Tubin filed no response. Prior to decision on that Motion, as the result of settlement negotiations, the Plaintiffs obtained a Judgment against Defendants Atlas Painting & Drywall, LLC, Atlas Building & Development, LLC, and Keith Tubin (Judgment Debtors). The case was stayed until February 5, 2014 pending performance under the Judgment. (*See* #78.)

The first payment under the Judgment was due on March 5, 2011. However, no payment was received, and on March 7, 2011, Plaintiffs sent a Notice of Default to the Atlas Defendants. The Defendants failed to cure, and on March 21, 2011, a Judgment was entered by the Court in

1  favor of the Plaintiffs against Defendants Atlas Building & Development, LLC, Atlas Painting &
2  Drywall, LLC, and Keith Tubin in the amount of $103,683.88. (*See* # 84.)  On August 4, 2011,
3  Plaintiffs filed a Motion to Renew Motion for Sanctions and to Deem Admissions Admitted and
4  Motion for Summary Judgment Against Defendant Audra Tubin (#110).  On September 28, 2011,
5  the Court entered a Minute Order (#114) granting Plaintiffs' Motion to Renew.  Upon review of the
6  original motion, the Court subsequently entered a Minute Order (#115) granting Defendant Audra
7  Tubin up to and including October 17, 2011 to respond to the Motion for Sanctions and Motion to
8  Deem Admissions Admitted.  Defendant Audra Tubin failed to respond, and on October 24, 2011,
9  the Court granted Plaintiffs' Motion to Deem Admissions and Motion for Sanctions against Audra
10 Tubin.  The Court awarded Plaintiffs reasonable attorney's fees and costs associated with the
11 motion.  Plaintiff now brings this Memorandum in response to the Court's Order, requesting
12 reimbursement of fees and costs in the amount of $5,798.30

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiffs requests a total of $5,798.30 in fees and costs associated with its Motion to Deem Admissions Admitted and Motion for Sanctions.  Plaintiff itemizes their request for reimbursement as follows:  $1,270.50 related to the preparation of written discovery; $825.00 related to the deposition; $1,405.80 related to the original motion for sanctions; $2,222.00 related to the renewed motion for sanctions; and $75 in costs associated with canceling the deposition.  Plaintiffs  requests reimbursement of attorneys' fees and costs at an hourly rate of $165.00 for the time of the attorneys who worked on this case, and an hourly rate of $110.00 for the time of the law clerks and other staff members.   After reviewing Plaintiff's Memorandum of Costs and Fees and the affidavit of Wesley J. Smith, Esq, the Court finds that the Plaintiffs has offered sufficient evidence that the above hourly rates are reasonable.

Plaintiffs request $1,270.50 in fees associated with drafting the written discovery in this case.  The Court's Order (#118) stated that Plaintiffs are awarded their reasonable fees and costs relating to Audra Tubin's failure to attend her deposition and failure to respond to the discovery requests.   The scope of that Order however does not extend to Plaintiffs' fees associated with drafting the original discovery requests in this case.  The Court therefore will not grant Plaintiffs any fees associated with preparing the written discovery.

In relation to Ms. Tubin's failure to attend the noticed deposition, Plaintiffs request reimbursement of $825.00.  Plaintiffs claim that they incurred a total of $1,650.00 in attorney's fees in preparation for the depositions.  Plaintiffs allocated half the time spent in preparation for the company owners/managers and half the time on employees/labor.  Plaintiffs request reimbursement from Audra Tubin, a company owner/manager, for half of the total fees incurred, arguing that Plaintiffs did not go into specific preparation for a particular deponent and therefore half the time spent preparing for depositions should be assessed jointly and severally.  The Court notes that Plaintiffs were prepared to take the depositions of at least two company owners/managers on August 20, 2010, and neither of the deponents appeared at their scheduled time.  The Court therefore will only award Plaintiffs half of the $825.00 fees associated with preparing to depose the company owners/managers.  The Court will further award the half of the costs associated with canceling the deposition.  The Court will therefore award Plaintiffs $412.50 in fees and $75 in costs related Audra

Tubin's failure to attend the deposition scheduled for August 20, 2010.

Plaintiff requests a total of $1,405.80 in fees related to preparing the Motion for Sanctions (#43). Even though this motion was brought against several Defendants, Plaintiffs argue that Audra Tubin should be responsible for the full amount because Plaintiffs would have incurred the same amount of fees if Audra Tubin had been the only Defendant who failed to respond. In the Court's Order granting sanctions however the Court noted that the original motion was brought against multiple Defendants and therefore the fees requested should be appropriately allocated as to Audra Tubin, only. Despite the Court's instruction, Plaintiffs argue that the full amount of fees associated with the Motion for Sanctions should be allocated to Audra Tubin. The Court finds that only a fraction of the fees associated with the motion should be attributed to Audra Tubin. The motion was brought against at least four defendants and therefore the Court therefore awards Plaintiffs 25% of their total fees associated with the Motion for Sanctions for a total amount of $351.45.

Plaintiffs further request $2,222.00 in fees related to their Renewed Motion for Sanctions (#110). Plaintiffs submit that they spent 14.2 hours on the renewed motion. Upon examination, Plaintiffs included in their calculation 8.5 hours spent reviewing the Court's Order (#118) granting sanctions and preparing the memorandum of fees and costs now before the Court. The Court's Order (#118) however was not intended to include the fees associated with the preparation of this memorandum. The Court further notes that the four-page Renewed Motion (#110) sought to renew both the Motion for Sanctions and the Motion for Summary Judgement. The Court however only granted an award of fees and costs associated with Audra Tubin's failure to participate in discovery. The Court will subtract from the 14.2 total hours, the 8.5 hours spent reviewing the Court's order and drafting the memorandum of costs. The Court further subtracts the 1.3 hours that were spend on the summary judgement portion of the motion. The Court will therefore award Plaintiffs $605.00 in fees related to their Renewed Motion for Sanctions.

The Court therefore awards Plaintiffs total fees and costs in the amount of $1,443.95. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

**IT IS HEREBY ORDERED** that Defendant Audra Tubin is ordered to pay Plaintiffs the sum total of $1,443.95.  Audra Tubin shall have until **December 30, 2011**, to pay the full amount of the fees owed.

DATED this 1st day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge